### 76162. NEWELL v. BROWN.
(369 SE2d 499)

BIRDSONG, Chief Judge.

This is an appeal from the order of the Superior Court of Cobb County which denied appellant's motion to set aside a default judgment.

Appellee filed suit against James R. Buddin and Corky Newell, individually and d/b/a Jim-Cor, Inc. for damages resulting from defendant's poor workmanship and faulty construction of a certain house, for treble damages based on unfair or deceptive acts or practices in the conduct of consumer transactions in violation of the Fair Business Practices Act (OCGA § 10-1-390 et seq.), for damages resulting from breach of express and implied builders' warranties, and for exemplary damages.

Appellee's counsel, believing that attorney Shriver duly represented all defendants in the pending litigation obtained the consent of appellee to forego formal service of process upon appellant and the other co-defendants and to allow attorney Shriver to execute an Acknowledgement of Service after receipt of process. Attorney Shriver subsequently acknowledged service of appellee's complaint "on behalf of Defendants, James R. Buddin, Corky Newell, and Jim-Core [sic], Inc.," and expressly declared that "[a]ll other and further service and notices are hereby waived."

Subsequently, attorney Shriver failed to file any answer or defensive pleadings for any of the three named defendants. On January 16,

1987, a default judgment and certificate of default were filed. No acknowledgment of service of the default judgment order or of the certificate of default apparently was filed with the court by the appellee. On February 6, 1987, appellant filed a motion to set aside the default judgment entered against himself individually "on jurisdictional grounds based upon lack of jurisdiction over the person." On July 10, 1987, appellant filed an amendment to the motion to set aside by addition of the grounds that "a non amendable defect appears upon the face of the Record of Pleadings," as the contract in question was a "private transaction" and "not a transaction within the public consumer market place" as intended and defined by OCGA § 10-1-390.

On October 2, 1987, the order of the trial court denying appellant's motion to set aside and motion for new trial and affirming the default judgment was filed.

Appellant enumerates as error that the trial court erred in denying his motion to set aside the default judgment and allow him to file his defensive pleadings.

A default judgment based on other than legal service of process is null and void in the absence of valid acknowledgment of service or waiver. See *Hardwick v. Fry*, 137 Ga. App. 771 (225 SE2d 88); *American Photocopy &c. v. Lew Deadmore &c.*, 127 Ga. App. 207 (193 SE2d 275); *Foster v. Foster*, 207 Ga. 519 (3) (63 SE2d 318). A defendant may acknowledge service of process or waive it by a writing signed either by himself or someone authorized by him. OCGA § 9-10-73. The requirement for personal jurisdiction may be waived, between the parties, by execution of a valid acknowledgment of service. See *Jones v. Jones*, 209 Ga. 861 (1) (76 SE2d 801); *Georgia Creosoting Co. v. Moody*, 41 Ga. App. 701 (1) (154 SE 294); see also *Rawlins v. Busbee*, 169 Ga. App. 658 (1) (b) (315 SE2d 1) (court may acquire jurisdiction of the person by acknowledgment of service); OCGA §§ 9-11-12 (h); 15-1-2 (jurisdiction over the person may be waived). An acknowledgment of service executed by one as attorney for the defendant is prima facie authorized until the contrary appears. *Jackson v. Jackson*, 199 Ga. 716 (35 SE2d 258). When a defendant challenges the sufficiency of service, including a challenge of the sufficiency of a waiver generated by the execution of an acknowledgment of service, he bears the burden of proof. See *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838); *Brown v. WTA/CHC*, 172 Ga. App. 636 (324 SE2d 205). When a defendant executes a waiver of service, either personally or through an *authorized* agent, by signing an acknowledgment like the one signed in this case, he is thereafter precluded from complaining because of the absence of service. See, e.g., *Jones v. Jones*, supra at 863. Likewise, if an attorney signs an acknowledgment of service in behalf of an alleged client, the attorney is then estopped to deny his lack of authority to act. See *Jackson*, supra at 719-720. How-

ever, when only the attorney signs the acknowledgment of service, the alleged client is not estopped to contest the authority of the attorney to act in the alleged client's behalf. Id. When such a contest is initiated by the alleged client attacking the authority of the signing attorney, the attorney should then be free to submit evidence relevant to the support or refutation of the alleged client's assertions, as "[t]he object of all legal investigation is the discovery of truth," and in certain circumstances the attorney may be required to do so by the trial judge. See OCGA §§ 15-19-7; 24-1-2.

In *Jackson* this court established the following methodology in resolving challenges to an attorney's authority to execute an acknowledgment of service: "The defendant may acknowledge service or process, but this must be done in writing by him or someone authorized by him to do so. Code, § 81-211 [OCGA § 9-10-73.] No warrant of attorney is required in this State, and an acknowledgment of service signed by one as attorney for the defendant is prima facie authorized *until the contrary appears*. [Cits.] . . . While *this presumption is not conclusive*, but is one which may be rebutted by the party for whom the attorney purports to act if he proceeds in due time, the burden is upon the party to show the want of authority in the attorney. [Cits.] It is also true that 'A judgment rendered against a party . . . upon a wholly unauthorized appearance of an attorney, if the act of the attorney be not ratified, will be set aside in a direct proceeding for that purpose, in law or equity, if the party is not guilty of unreasonable delay after notice or knowledge of the judgment. . . .'" (Emphasis supplied.) *Jackson*, supra at 719-720. While an acknowledgment of service executed by an attorney in behalf of an alleged client can be traversed and impeached by showing want of authority in the attorney, the acknowledgment of service is of itself evidence of a higher order, and can only be set aside upon evidence which is not only clear and convincing, *but the strongest of which the nature of the case will admit*. See *Woods v. Congress Fin. Corp.*, 149 Ga. App. 156, 157 (253 SE2d 834).

In this case, appellant and attorney Shriver have both executed affidavits denying the existence of any authority, consent, or permission on the part of the latter to acknowledge service on behalf of appellant in the case at bar. Attorney Shriver in his affidavit asserts that he was mistakenly informed by James R. Buddin that he was also to represent appellant in this case, but in fact he had no contract or agreement with appellant to represent him and had not been given any authority to consent by the appellant either to represent him in the action or to acknowledge service for him. Further, attorney Shriver asserts that at no time before the default judgment was entered did he inform appellant of or send him a copy of the acknowledgment of service. In addition the appellant asserts that at no time

prior to January 22, 1987, did he have any knowledge or notice of the suit being filed, of the acknowledgment of service, or notice of any trial date or of the default judgment. Appellant further asserts that at no time prior to January 22, 1987, did he have any knowledge that he was a named party defendant in this case; that attorney Shriver did not represent him in his case; and, that appellant has terminated and disassociated himself as an officer and stockholder of Jim-Cor since April 10, 1986.

Appellee offered no direct evidence in rebuttal to these disclaimers of agency and authority by appellant and attorney Shriver. Rather, appellee relied upon certain circumstantial evidence in an attempt to refute appellant's claim. Certain of this circumstantial evidence was primarily relied upon by the trial court in its determination that "at all times pertinent hereto, from January 1986 until [appellant's] Motion to Set Aside the Default Judgment was filed on or about February 6, 1987, it is evident to the Court that attorney . . . Shriver . . . acted on behalf of all Defendants in the . . . action, including [appellant], and that he had the authority to act on their behalf as their attorney of record."

The pertinent circumstantial evidence offered by appellee includes the following: That attorney Shriver engaged in various communications with appellee's attorney in which he professed to represent appellant and the other defendants; and that during the course of these communications certain matters were discussed including a proposal by all the defendants to submit the case to the American Arbitration Association; and, that attorney Shriver filed acknowledgment of service, certain pleadings and generally represented appellant and the other defendants in a similar case entitled *Bruce W. Logan et al. v. C. R. Newell et al.*, and that attorney Shriver was representing appellant in the *Logan* case after April 10, 1986. In support of his ruling, the trial judge took judicial notice of the fact that "lack of authority" on the part of attorney Shriver to act for appellant was apparently not present in the analogous civil action of *Logan*.

We are satisfied that appellant has in this particular instance timely raised the issue of attorney Shriver's authority to acknowledge service, and has timely attacked the default judgment for lack of jurisdiction. The appellant has denied actual knowledge of the default judgment until January 22, 1987. Attorney Shriver supports appellant's assertion. Nothing in the trial record directly rebuts this assertion. Appellant filed his motion to set aside on February 6, 1987. Thus, he acted to contest the default judgment within 30 days of its filing and apparently within 15 days of his notice thereof. Likewise, he contemporaneously challenged the authority of attorney Shriver within 15 days of his notice of the acknowledgment of service. Thus,

appellant has not engaged in any unreasonable delay in asserting his claim within the meaning of *Jackson v. Jackson*, supra. Further, a judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. OCGA § 9-11-60 (f).

An attorney at law acts as an agent for his client/principal. See *Jackson v. Fincher*, 128 Ga. App. 148 (5) (195 SE2d 762). Proof of an agency relationship can be shown by circumstantial evidence, apparent relations, and conduct of the parties. *National Property &c. Ins. Co. v. Wells*, 166 Ga. App. 281 (2) (304 SE2d 458). However, it is a well known principle of law that "[c]ircumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding . . . to that effect, will not support a verdict [judgment or ruling of the court], when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the [party], it was affirmatively shown that no such fact existed." *Myers v. Phillips*, 197 Ga. 536, 542 (29 SE2d 700); *Dozier v. Wallace*, 169 Ga. App. 126 (4) (b) (311 SE2d 839). Appellant has introduced facts showing that no attorney-client agency relationship existed between himself and attorney Shriver for purposes of the latter's representing appellant in any phase of the litigation in the case at bar. See generally *Bishopsgate Ins. Co. v. Cactus Club*, 176 Ga. App. 354, 355 (335 SE2d 685) (bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship). As in *Bishopsgate*, "[w]e find no basis for refusing to attribute to the affidavit [of appellant and of attorney Shriver] the competency that is shown on its face." Id. The affidavits of appellant and attorney Shriver go well beyond being mere denials of the existence of the attorney-client agency relationship. These affidavits give a detailed and logical explanation for the conduct of both of these parties and provide additional assertions of fact in support of their denial of the existence of any authority in attorney Shriver to execute an acknowledgment of service in behalf of appellant. Moreover, the circumstantial evidence of appellee that attorney Shriver in various communications and conduct purported to represent appellant is entirely consistent with attorney Shriver's statement that he had been misinformed by James R. Buddin that he was to represent appellant, and that, in fact, he had no such authorization from appellant to do so. Further, the mere fact that attorney Shriver was apparently representing appellant in the *Logan* case after April 10, 1986, is not inconsistent with any fact asserted by either appellant or attorney Shriver. Appellant never claimed that he did not use the services of Shriver after April 10, 1986. Rather his statement was that he disassociated himself as an officer and stockholder of Jim-Cor after that date. The fact that appellant may have used Shriver's services in the *Logan* case

is not inconsistent with the denial by appellant and Shriver of an attorney-client agency relationship in the present case. We do not know when appellant first contacted Shriver to represent him in *Logan* or any of the circumstances leading to that decision. We refuse to speculate as to the reason why appellant may have retained Shriver to represent him in *Logan* and not in the case at bar. Suffice it to say that the use of Shriver's services in *Logan* is not per se inconsistent with an election by appellant not to use Shriver in this case.

We believe that the appellant has met the burden placed upon him by *Jackson,* supra, in order to rebut the presumption that attorney Shriver was acting with appellant's authorization. Moreover, we are satisfied that the affidavits submitted not only by appellant but also by attorney Shriver are the *strongest type of evidence,* bearing on the issue of Shriver's authority to execute the acknowledgment of service, *which the nature of this case will admit.* See *Woods,* supra at 157. Accordingly, we find that the acknowledgment of service was executed without appellant's authorization, and that the trial court lacked jurisdiction over the person of appellant.

Appellee's motion for damages pursuant to OCGA § 5-6-6 is denied. *Prattes v. Southeast Ceramics,* 132 Ga. App. 584 (3) (208 SE2d 600).

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 28, 1988.

*G. Fred Bostick,* for appellant.
*Garvis L. Sams, Jr.,* for appellee.