## A98A0711. SANIFILL OF GEORGIA, INC. et al. v. ROBERTS.

(502 SE2d 343)

BEASLEY, Judge.

Roberts sued Sanifill, Inc., and its subsidiary, Sanifill of Georgia, Inc. (Sanifill) for the alleged negligence of Sanifill's employee Parks in operating a sanitation truck so that Roberts' car collided with it and inflicted serious injuries.

As soon as defendants' attorneys made an appearance, plaintiff's counsel notified them he wanted to take Parks' deposition. The defense lawyers informed plaintiff's attorney that Parks no longer worked for Sanifill and that two separate investigators hired by defendants had been unable to locate him. Plaintiff retained a private investigator. Within 24 hours, the investigator learned, by contacting defendants' corporate office, that Parks was in Dallas, Texas, working for another sanitation company. Without notifying defendants, plaintiff paid to have Parks flown to Atlanta, where various members of his family reside. Counsel took him to the accident site, interviewed him, and obtained his recorded statement. Later, plaintiff informed defendants that Parks had been located and requested his deposition.

The day before Parks' deposition was taken, defendants moved for a protective order prohibiting the use of any prior statements of Parks and testimony obtained by use of such statements, as a result of plaintiff's attorney's ex parte contact with him. The trial court denied the motion after the deposition. We granted defendants' application for interlocutory appeal.

The question presented is whether a plaintiff who has filed suit against a corporate defendant may conduct ex parte communications with a former employee of the defendant where the plaintiff is seeking to establish liability by imputing to the defendant the acts or omissions of the former employee. Resolution of this question depends on an interpretation of Standard 47 of Rule 4-102 of the Rules and Regulations of the State Bar of Georgia.

Standard 47 provides: "During the course of his representation of a client, a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior written consent of the lawyer representing such other party or is authorized by law to do so." Directory Rule (DR) 7-104 (A) (1) of the Georgia Code of Professional Responsibility is analogous,[1] as is Rule

---

[1] DR 7-104 (A) (1) provides: "During the course of his representation of a client a lawyer shall not: Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has prior consent of the lawyer representing such other party or is authorized by law to do so."

4.2 of the American Bar Association Model Rules of Professional Conduct (RPC 4.2).[2]

This rule is designed to protect a represented party's right to effective representation of counsel by preventing adverse counsel from taking advantage of such party through undisclosed contact.[3] The rule also promotes ethical behavior on the part of attorneys.[4] In those cases where the parties are individuals, the rule has been easily enforced.[5] When the named party is a corporation, the courts have struggled with the question of whether a corporate officer or employee, though not named as a defendant, should be considered a party.[6]

In State Bar of Georgia Formal Advisory Opinion 87-6 (1989), the Supreme Court of Georgia, adopting the consensus view of other jurisdictions, concluded that when a corporation is an opposing party in pending litigation, Standard 47 applies to an employee whose acts or omissions may be imputed to the corporation in relation to the subject matter of the case, as well as to an officer or director or other employee with authority to bind the corporation. The opinion does not address whether a former corporate employee may be considered a party.

Some courts have answered that question affirmatively in reliance on the official ABA Comment to RPC 4.2 issued in 1983.[7] The official Comment states in pertinent part: "In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a (1) managerial responsibility on behalf of the organization and (2) with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability (3) or whose statement may constitute an admission on the part of the organization. . . ."[8] Courts adopting the view that former employees may be "parties" have logically concluded that the term "any other person" is broad enough to include former corporate employees.[9] Policy considerations also support inclusion of former employees whose acts or omissions may result in vicarious liability,

---

[2] Rule 4.2 provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

[3] *Amarin Plastics v. Maryland Cup Corp.*, 116 FRD 36, 39 (2) (D. Mass. 1987).

[4] *Curley v. Cumberland Farms*, 134 FRD 77, 87 (3) (D. N. J. 1991).

[5] *Chancellor v. Boeing Co.*, 678 FSupp. 250, 251 (D. Kan. 1988).

[6] Id.

[7] *Rentclub v. TransAmerica Rental Fin. Corp.*, 811 FSupp. 651, 657 (6) (M. D. Fla. 1992), and cases cited therein.

[8] *Erickson v. Winthrop Laboratories*, 592 A2d 33, 34 (N. J. Sup. Ct. 1991).

[9] *Rentclub*, supra, and cases cited therein.

because their conduct remains imputable even though their employment may have terminated.[10]

Nonetheless, by its plain language, the rule only applies to a party "represented by a lawyer." Regardless of policy considerations, a former employee who is not represented by a lawyer simply does not fall within the wording of the rule. In March 1991, the American Bar Association Committee on Ethics and Professional Responsibility issued Formal Opinion 91-359 recognizing this. The Committee concluded that while "persuasive policy arguments can be and have been made for extending the ambit of [RPC] 4.2 to cover some former corporate employees, the fact remains that the text of the Rule does not do so and the comment gives no basis for concluding such coverage was intended." Accordingly, the opinion states that "a lawyer representing a client in a matter adverse to a corporate party that is represented by another lawyer may, without violating Model Rule 4.2, communicate about the subject of the representation with an unrepresented former employee of the corporate party without the consent of the corporation's lawyer." This interpretation has been adopted by a majority of the courts which have considered the issue.[11]

Consistent with the ABA's 1991 opinion, Supreme Court of Georgia Formal Advisory Opinion 94-3, interpreting Standard 47, concluded: "A lawyer may properly contact and interview former employees of an organization that is represented by counsel to obtain non-privileged information relevant to litigation against the organization provided that: (1) the lawyer makes full disclosure as to the identity of his/her client; and (2) the former employee consents." The record shows that these conditions were satisfied. No violation of Standard 47 appears.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 8, 1998 — 

*Moore, Ingram, Johnson & Steele, William R. Johnson, Michael W. Kitchens*, for appellants.

*Peterson & Harris, Jim N. Peterson, Jr.*, for appellee.

---

[10] See *Pub. Svc. &c. Co. v. AEGIS*, 745 FSupp. 1037, 1042 (3) (D. N. J. 1990).

[11] E.g., *Brown v. St. Joseph County*, 148 FRD 246, 253 (5) (N. D. Ind. 1993), citing *In re Domestic Air Transport Antitrust Litigation*, 141 FRD 556, 561 (2) (N. D. Ga. 1992).