A99A1160. BERKLITE v. BILL HEARD CHEVROLET COMPANY.

(522 SE2d 246)

PHIPPS, Judge.

Deborah Berklite sued Bill Heard Chevrolet Company, seeking damages for fraud and violation of the federal Truth in Lending Act (TILA).

Berklite purchased a new truck from Bill Heard. As a down payment, she used a $1,000 promotional coupon and wrote checks to Bill Heard in the amounts of $2,000 and $4,000. She financed the remainder of the purchase. Berklite charges Bill Heard with fraud in misrepresenting to her that the $2,000 down payment check had been destroyed and in not applying the $1,000 coupon toward her purchase. She claims that the failure to give her credit for these sums was a violation of TILA disclosure requirements. Bill Heard claims Berklite was given credit for the $1,000 coupon as part of her trade-in allowance, both parties mistakenly thought the $2,000 check had been destroyed, and Bill Heard promptly refunded the $2,000 upon learning that the check had been deposited into one of its accounts.

On August 29, 1997, Berklite filed her complaint, and Bill Heard's registered agent/attorney acknowledged service of the complaint and summons. The acknowledgment was filed on September 8. Bill Heard filed its answer and responsive pleadings on October 8, 40 days after service but 30 days after the filing of the acknowledgment of service. Bill Heard had not paid costs as of November 14. After learning of Berklite's efforts to obtain a default judgment, Bill Heard on November 18 paid costs, filed a responsive brief arguing that its answer was timely, and filed a "cautionary motion" to set aside the default.

The court granted Bill Heard's motion to open the default and awarded summary judgment to Bill Heard on Berklite's TILA claim. Although it was not granted summary judgment on Berklite's fraud claims, a jury later returned a verdict in Bill Heard's favor with respect to them.

1. Berklite first enumerates as error the grant of Bill Heard's motion to set aside the default.

Bill Heard argues that this issue need not be reached because its answer was timely because it was filed within 30 days after the filing

of the acknowledgment of service. We disagree. "The defendant may acknowledge service or waive process by a writing signed by the defendant or someone authorized by him." OCGA § 9-10-73. "[A]cknowledgment of service and waiver of process . . . [put] the party in precisely the same situation as though process were annexed and service effected by the proper officer." *Jackson v. Hitchcock*, 48 Ga. 491, 494-495 (2) (1873). "[T]he sole purpose of waiver of service is to avoid formal service." *Jones v. Jones*, 209 Ga. 861, 863 (1) (76 SE2d 801) (1953). Although OCGA § 9-11-4 (g) requires a return of service to be filed with the court, OCGA § 9-11-12 (a) generally mandates that the defendant serve its answer within 30 days after service. Compare *Northside Corp. v. Mosby*, 214 Ga. App. 806, 807 (449 SE2d 6) (1994). It logically follows that the answer must be filed within 30 days after service is acknowledged.

Did the trial court "abuse its broad discretion in opening [the] default[?]" *Exxon Corp. v. Thomason*, 269 Ga. 761, 763 (2) (504 SE2d 676) (1998).

> At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

OCGA § 9-11-55 (b).

Berklite argues that Bill Heard showed neither excusable neglect, providential cause, nor a proper case for opening the default. We disagree. Statements by the parties in their appellate briefs show without material dispute that Berklite had previously filed an identical action against Bill Heard and, although the trial court in the prior action orally ruled that no TILA violation had been shown, an order granting summary judgment to Bill Heard on that issue was never entered and the action ultimately was dismissed without prejudice. Although Bill Heard did not answer this case in a timely fashion, it did file its defenses within 15 days of the default and, therefore, could have opened the default as a matter of right under OCGA § 9-11-55 (a) had it not neglected to pay costs. Upon being alerted that the case was in default, Bill Heard promptly paid costs and set up meritorious defenses. See Division 2, infra, as to Berklite's TILA claim. Under the circumstances, the court did not abuse its dis-

cretion in finding that a "proper case" for opening the default was shown. See generally *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400 (314 SE2d 199) (1984); *Whitley v. Bank South*, 185 Ga. App. 896, 898 (2) (366 SE2d 182) (1988); *Houston v. Lowes of Savannah*, 136 Ga. App. 781, 782-784 (1) (222 SE2d 209) (1975).

2. Berklite next contends that the court erred in granting summary judgment to Bill Heard on her TILA claim.

As a general rule, TILA disclosures are required prior to the consummation of a credit transaction. 15 USC § 1601 et seq.

> "[T]he Truth in Lending Act reflects a transition in congressional policy from a philosophy of let the buyer beware to one of let the seller disclose. By erecting a barrier between the seller and the prospective purchaser in the form of hard facts, Congress expressly sought 'to . . . avoid the uninformed use of credit.' [Cit.]" [Cit.]

*Glenn v. Trust Co. of Columbus*, 152 Ga. App. 314, 317-318 (1) (262 SE2d 590) (1979). In this transaction, the TILA required disclosure of the annual percentage rate of the loan, the dollar amount of the finance charge, the amount financed, the total payments after making all scheduled loan payments, and the total cost of the purchase on credit. Berklite complains of Bill Heard's alleged failure to credit a down payment check and her promotional coupon toward her purchase. Although Bill Heard might have committed fraud and/or conversion if these allegations were true, it would not have violated the TILA because there is no charge that it failed to make the required TILA disclosures based on the amounts that were credited toward Berklite's purchase.

Other issues in the case are moot.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 2, 1999

Roper & McPherson, John W. Roper, for appellant.

Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep, Clarence M. Mullin, for appellee.