A02A1799. POTEATE v. RALLY MANUFACTURING, INC.
(579 SE2d 44)

BARNES, Judge.

Lawrence Poteate appeals the trial court's order dismissing his complaint for failure to exercise due diligence in perfecting service on the defendant after the limitation period expired. For the reasons that follow, we affirm.

Poteate filed his complaint on August 22, 2001, for injuries sustained on August 28, 1999, from an allegedly defective automobile jack distributed by Rally Manufacturing, Inc. He alleged in the complaint that Rally was a Florida corporation that could be served pursuant to Georgia's Long Arm Statute through its registered agent in Miami.[1]

On September 27, 2001, Rally answered, contending that service was insufficient and the limitation period had expired. In January 2002, Rally moved for summary judgment because Poteate failed to exercise due diligence in serving Rally after the limitation period expired on August 28, 2001. In support of its motion, Rally submitted the affidavit of its registered agent, who stated she was not personally served with the summons and complaint until December 6, 2001. The agent further stated that she never received a waiver of service summons form from Poteate.

In response to the motion for summary judgment, Poteate argued that he pursued service diligently, that he contacted the Florida sheriff regarding service only three days after determining that Rally would not waive service, and that the sheriff's failure to perfect service for almost two months after that should not be attributed to Poteate. Poteate also submitted a waiver request form dated August 21, 2001, a certified mail receipt from the agent at Rally's address in Florida, an October 2, 2001 fax cover sheet to Rally's lawyer indicating that Poteate was sending a copy of the waiver request and that he assumed Rally wanted personal service, an October 11, 2001 letter to the Florida sheriff requesting service on the agent, and a Florida return of service stamped "RUSH" showing service was perfected on December 6, 2001.

---

[1] Although Poteate filed suit against and obtained service upon another defendant, Ta Ta International Company, Ltd., he later dismissed Ta Ta from the case.

The trial court held that Poteate failed to demonstrate that he acted diligently to perfect service on Rally through its registered agent. On appeal, Poteate argues the trial court erred in (1) converting Rally's motion for summary judgment into a motion to dismiss; (2) failing to consider that waiver of service is the preferred method of serving out-of-state defendants; (3) considering the agent's affidavit; (4) finding he did not exercise due diligence; (5) failing to consider that the delay in service stemmed from Rally's change of address; and (6) failing to consider that Rally had demonstrated no harm.

1. Poteate asserts the trial court erred in converting Rally's motion for summary judgment into a motion to dismiss without giving him an opportunity to respond or have a hearing. We have held that "[m]otions to dismiss for insufficiency of service of process are matters in abatement, and do not form a proper basis for motions for summary judgment or convert to motions for summary judgment when matters outside the pleadings are considered. [Cit.]" *Cushman v. Raiford,* 221 Ga. App. 785, 786 (472 SE2d 554) (1996). Therefore, the motion Rally filed was more properly denominated a motion to dismiss. Regardless of the nomenclature, the issue before the trial court was the same: whether Poteate acted diligently in serving Rally. While we have held that a trial court erred in converting a motion to dismiss into a motion for summary judgment without notice and an opportunity to present evidence in rebuttal, *Sumner v. Dept. of Human Resources,* 225 Ga. App. 91, 92-94 (2) (483 SE2d 602) (1997), in this case Poteate was not deprived of notice and opportunity to respond. He responded fully to Rally's motion for summary judgment and has not shown how he was prejudiced by the court's conversion or what additional evidence he was unable to present. We find no error.

2. Poteate argues that the trial court erred in failing to consider that waiver is the preferred method of service for out-of-state defendants. OCGA § 9-11-4 (d) (4) provides that, if a defendant fails to comply with a request for waiver, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure is shown." From this statutory language Poteate extrapolates that service by waiver is preferred, and therefore argues that requesting that the defendant waive personal service constitutes due diligence, despite the expiration of the statute of limitation a week after mailing the request.

While we have found no Georgia cases on point, in considering a similar provision of the Federal Rules of Civil Procedure the district court for the Southern District of Georgia noted that waiving service "is an option for defendants, it is not mandatory, nor is it a 'duty.' . . . When a defendant chooses not to respond to mail service, the plain-

tiff must effect service by other lawful means. . . . A mere refusal to elect the mail alternative is not a showing of bad faith." *Lau v. Klinger*, 46 FSupp.2d 1377, 1381 (S.D. Ga. 1999). Again construing the federal rules, the U. S. Court of Appeals for the Seventh Circuit noted that "the only penalty a defendant [who declines to waive service] will suffer for insisting on formal service is an assessment against it of the costs of service. In other words, a defendant like [this one] that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege." *Troxell v. Fedders of North America*, 160 F3d 381, 383 (7th Cir. 1998). As with the federal rule, OCGA § 9-11-4 (d) (4)'s "provisions for [an] inexpensive notification of a lawsuit accompanied by a waiver of service offer a useful alternative, and nothing we say should be seen as discouraging it. In the final analysis, however, the rule does not abolish a defendant's right to proper service of process." Id. The trial court did not err in failing to conclude that service by waiver is the preferred method of service.

3. Poteate argues that the trial court erred in considering the affidavit of the registered agent as to whether he actually sent the waiver form to Rally. The agent avers that no waiver of service form was included in the papers she received from Poteate, while Poteate contends it was included. Unlike the conclusory affidavit in *Dews v. Ratterree*, 246 Ga. App. 324, 325-326 (540 SE2d 250) (2000), in which the affiant stated that a corporation had never committed fraud, Rally's agent states that she never received the form in the mail. That statement is not conclusory; it is a fact. And regardless, even assuming the agent did receive the form, as discussed earlier she was not obliged to waive service but was entitled to insist on personal service. The trial court did not err in considering this affidavit.

4. Poteate contends the trial court erred in finding he did not exercise due diligence in perfecting service after the limitation period expired. He argues that he contacted the Florida sheriff only three days after discovering that Rally would not waive service, and that the sheriff's subsequent two-month delay in serving Rally was not attributable to Poteate.

The statute of limitation ran in this case on August 29, 2001, a week after the complaint was filed, and the defendant was served on December 6, 2001.

> Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff. In this determination the trial court hearing the motion to dismiss is vested with a discretion to determine the cause of

the delay; if it is attributable to the plaintiff and the court dismisses the complaint this court will not intervene. The diligence exercised by the plaintiff describes the true test.

(Citations omitted.) *Bible v. Hughes*, 146 Ga. App. 769, 770 (2) (247 SE2d 584) (1978). These principles apply also to service made outside the state under the Long Arm Statute. *Devoe v. Callis*, 212 Ga. App. 618, 619 (1) (442 SE2d 765) (1994).

Under the facts, the trial court did not err in concluding that Poteate did not exercise due diligence as a matter of law. The waiver request, dated August 21, 2001, indicated that Rally had 30 days to sign and return the service form, which would have been September 21, 2001. As the trial court noted, Poteate waited three weeks from September 21, 2001, before forwarding the complaint to the Florida sheriff for service on October 11, 2001. The trial court did not abuse its discretion in concluding that Poteate failed to exercise due diligence in perfecting service.

5. Poteate asserts the trial court erred in failing to consider that the delay in service was due to the fact that, after admitting that Poteate had recited its address correctly in the complaint, Rally moved to a new address without informing Poteate. The only evidence in the record regarding this change is a note on the sheriff's return of service crossing out the original suite number 1970 and writing in "17th floor." This handwritten note does not establish that the delay in service was caused by Rally's move to a new address.

6. Finally, Poteate argues that the trial court erred in failing to consider the balance of justice in dismissing the complaint. In so arguing, he cites *Pressley v. Jennings*, 227 Ga. 366, 375 (17) (180 SE2d 896) (1971), for the proposition that the trial court erred in failing to consider whether Rally suffered any harm due to the late service. In *Pressley*, the Supreme Court noted that three defendants who were not served for over four months after the action was filed had adopted the motions and defensive pleadings of the other defendants, were represented by the same attorneys, and suffered no harm from the late service. Id. Nothing in the opinion indicates that the defendants were served outside of the statute of limitation, as was the defendant in this case. The applicable test under the circumstances before us is whether the plaintiff exercised due diligence, not whether the defendant had suffered harm.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 14, 2003 —
RECONSIDERATION DENIED FEBRUARY 28, 2003 — 

*Debra A. Rickles*, for appellant.

*Carter & Ansley, Tommy T. Holland, John L. McKinley*, for appellee.