A04A0944. ASKINS v. COLON.
(608 SE2d 6)

MIKELL, Judge.

Keith Askins appeals the order dismissing his renewed personal injury action. We reverse for the reasons set forth below.

The record shows that Askins was injured on July 28, 2001, when a vehicle owned and operated by Colon allegedly struck Askins's leg. Askins originally filed suit against Colon on September 25, 2002. Colon answered on November 4, 2002, raising all service defenses.

---

[6] (Emphasis in original.) Id. at 688.
[7] See *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002).

The two-year statute of limitation expired in July 2003. However, on August 26, 2003, Colon executed an acknowledgment of service, which Askins filed with the court the next day. The document states, in its entirety, that "I, Francisco Colon hereby acknowledge service of the Summons, Complaint, Request for Production of Documents and Request for Admissions, and hereby waive any defenses concerning service of process." A note affixed to the document instructs Colon to "SIGN HERE," with an arrow pointing to the signature line. It is undisputed that Askins did not provide a copy of the acknowledgment of service to Colon's counsel before Colon signed it. At some point thereafter, Askins dismissed the original action and filed the instant suit as a renewal action on September 11, 2003. Colon was served with the renewed suit at his residence in Ocala, Florida, on October 20, 2003. He moved to dismiss the suit, alleging that the original suit was void and incapable of being renewed. Colon asserted that the acknowledgment of service he executed was invalid because it did not comply with OCGA § 9-11-4 (d) (3) and (l). OCGA § 9-11-4 (d) (3) permits a defendant to avoid payment of costs of service of the summons by executing a waiver of service on a form provided by the plaintiff. The form must include the following statement: "YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER."[1] Colon also argued that the acknowledgment amounted to an ex parte communication with a represented party, which is prohibited by Rule 4.2 of the Georgia Rules of Professional Conduct. Askins countered that the acknowledgment was valid under OCGA § 9-10-73, which provides that a defendant may acknowledge service of process or waive it by a writing signed either by himself or someone authorized by him. In a one-sentence order, the trial court granted Colon's motion to dismiss.

1. OCGA § 9-2-61 (a) states:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

The renewal statute applies only if the original action was itself a valid suit because "[a] void action cannot be renewed after the statute

---

[1] OCGA § 9-11-4 (l).

of limitation has run."[2] And, the original suit is void if service was not perfected because the filing of the complaint without perfecting service does not constitute a pending suit.[3] Therefore, the viability of the present action hinges on whether service was properly perfected in the original action through the filing of the acknowledgment of service. Askins contends that the trial court erred in ruling that the acknowledgment had to be in the form set out in OCGA § 9-11-4 (l). The trial court granted the motion without stating any basis for its ruling; however, this issue was raised in the motion to dismiss, upon which the trial court expressly relied in its order. Accordingly, we address the issue.

"A statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes in pari materia, are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto."[4] Therefore, OCGA § 9-11-4 (d) must be harmonized with OCGA § 9-10-73. OCGA § 9-11-4 (d) sets out the procedure by which a defendant may avoid the imposition of costs associated with service of the summons. "[T]he only penalty a defendant who declines to waive service will suffer for insisting on formal service is an assessment against it of the costs of service."[5] OCGA § 9-11-4 (j) states that "[t]he methods of service provided in this Code section are cumulative and may be utilized with, after, or independently of other methods of service." Based on this subsection, it is clear that the legislature did not intend to eliminate OCGA § 9-10-73 as an alternative method of obtaining service. That Code section prescribes no particular form, and we find the document signed by Colon, in which he acknowledged service of the complaint and discovery materials and waived any defenses concerning service of process, sufficient to confer jurisdiction upon the trial court.[6] "Courts are not too naive to perceive that the sole purpose of waiver of service is to avoid formal service, and they should unhesitatingly hold that, when a defendant executes such waiver of service, he is thereby precluded from thereafter complaining because of the absence of

---

[2] (Citations omitted.) *Sylvester v. Dept. of Transp.*, 252 Ga. App. 31, 33 (555 SE2d 740) (2001).

[3] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

[4] (Punctuation and footnote omitted.) *State v. Lockett*, 259 Ga. App. 179, 180 (576 SE2d 582) (2003). See also *Holmes v. Chatham Area Transit Auth.*, 234 Ga. App. 42, 44 (505 SE2d 225) (1998).

[5] (Citation and punctuation omitted.) *Poteate v. Rally Mfg.*, 260 Ga. App. 34, 36 (2) (579 SE2d 44) (2003).

[6] See *Berklite v. Bill Heard Chevrolet*, 239 Ga. App. 791, 792 (1) (522 SE2d 246) (1999); *Newell v. Brown*, 187 Ga. App. 9, 10 (369 SE2d 499) (1988).

service."[7]

2. Next, we address Colon's argument that the acknowledgment of service is void because it is the product of an ex parte communication initiated by Askins's attorney. In this regard, Rule 4.2 (a) of the Georgia Rules of Professional Conduct provides: "A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by constitutional law or statute." As counsel for Colon had filed an answer on his behalf prior to the execution of the acknowledgment, Askins's counsel knew that Colon was represented by a lawyer. Rule 4.2 prohibited Askins's counsel from communicating with Colon about the lawsuit. It appears, therefore, that Askins's counsel violated Rule 4.2 when he sent the acknowledgment directly to Colon. "This rule is designed to protect a represented party's right to effective representation of counsel by preventing adverse counsel from taking advantage of such party through undisclosed contact."[8]

The purpose of the rule notwithstanding, its violation does not automatically require the exclusion of evidence obtained through an ex parte communication. And, in the only two cases cited by Colon, this Court determined that the rule had not been violated.[9] Moreover, Rule 4.2 (b) states that "[t]he maximum penalty for a violation of this Rule is disbarment." Of course, a trial court has the discretion to order the less serious sanction of disqualification.[10] But we are aware of no authority supporting the exclusion of an acknowledgment of service on the basis of an ex parte communication.

> When a defendant challenges the sufficiency of service, including a challenge of the sufficiency of a waiver generated by the execution of an acknowledgement of service, he bears the burden of proof. . . . [T]he acknowledgement of service is of itself evidence of a higher order, and can only be set aside upon evidence which is not only clear and convincing, *but the strongest of which the nature of the case will admit.*[11]

In the case at bar, Colon has not offered any evidence concerning his execution of the acknowledgment of service. It follows that he has

---

[7] *Jones v. Jones*, 209 Ga. 861, 863 (76 SE2d 801) (1953).

[8] (Footnote omitted.) *Sanifill of Ga. v. Roberts*, 232 Ga. App. 510, 511 (502 SE2d 343) (1998).

[9] Id.; *Norfolk Southern R. v. Thompson*, 208 Ga. App. 240, 246 (4) (430 SE2d 371) (1993).

[10] See *Clos v. Pugia*, 204 Ga. App. 843, 845 (1) (420 SE2d 774) (1992).

[11] (Citations omitted; emphasis in original.) *Newell v. Brown*, supra at 10-11 (defendant challenged his attorney's authority to execute acknowledgment of service).

failed to sustain his burden of proof.

*Judgment reversed. Barnes, J., concurs and Blackburn, P. J., concurs specially.*

BLACKBURN, Presiding Judge, concurring specially.

I concur with the judgment reached by the majority but for different reasons.

Colon moved to dismiss the present personal injury action on the ground that the applicable two-year statute of limitation (OCGA § 9-3-33) had run. Indeed, the complaint, filed September 11, 2003, stated in its text that the accident had occurred on July 28, 2001, which thus showed that the statute had run. But the complaint alleged that it was a proper OCGA § 9-2-61 renewal of a prior valid action that had been voluntarily dismissed within six months of the filing date of the renewal action.

In his motion to dismiss, Colon alleged that his counsel filed an answer in the original action on November 4, 2002, that purportedly raised all service defenses, and that an "Acknowledgment of Service" in that action that was executed by him personally on August 26 and filed on August 27, 2003, was invalid. He argued that absent proper service, the prior action was invalid and could not sustain a renewal action under OCGA § 9-2-61. See *Clark v. Dennis*.[12] But Colon submitted and the record contains no competent evidence (through certified pleadings, testimony, or otherwise) as to these matters, simply attaching to his motion an uncertified copy of the alleged "Acknowledgment of Service" from the prior action with no other documents or evidence. In his response, Askins admitted to the text of the "Acknowledgment of Service" only, arguing that it showed the prior lawsuit was properly served.

I cannot agree with the majority that "the record shows" (i) Askins filed the original complaint on September 25, 2002, (ii) Colon answered the complaint on November 4, 2002, raising all service defenses, and (iii) the "Acknowledgment of Service" was executed by Colon personally on August 26, 2003 (significantly, a date after the complaint was allegedly answered by counsel representing Colon). I note that the trial court below also apparently relied upon these unsubstantiated statements in dismissing the renewal action.

The problem is that Colon bore the burden of showing evidence to dispute the allegations of the complaint that a valid prior action (now dismissed) supported the renewed complaint. Specifically, he bore the burden here of showing that service in the prior action was

---

[12] *Clark v. Dennis*, 240 Ga. App. 512 (1) (522 SE2d 737) (1999).

improper. See *Kidd v. First Commerce Bank*.[13] Yet (as stated in the majority opinion) he presented no competent evidence as to the circumstances surrounding his receipt, execution, and filing of the "Acknowledgment of Service" in the prior action nor as to the status of his legal representation at that time — matters which under his argument were crucial to determining the effectiveness of service. Absent such evidence, the trial court was not authorized to find that the service in the prior action was invalid. Accordingly, based on the state of the record, no evidence supported the finding that, contrary to the allegations in the renewal complaint, the prior action was an invalid action that would not support the renewal action.

For these reasons, I concur in reversing the dismissal of the suit.

## ON MOTION FOR RECONSIDERATION.

Colon argues on motion for reconsideration that we overlooked a controlling statute which would require a different judgment from that rendered, specifically Uniform Superior Court Rule 24.3, which provides, in pertinent part, that "[a]ll acknowledgments of service must be witnessed by an official attesting officer or the parties' counsel." He asserts that the acknowledgment of service he signed was ineffective to waive service because it was not witnessed by an official attesting officer or the parties' counsel. This argument fails for two reasons. First, it was not raised in the trial court and therefore has been waived. "It is well established that this court will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal."[14] Second, USCR 24.1 et seq., of which USCR 24.3 is a part, applies to domestic relations actions. As the instant case is a personal injury action, and does not involve domestic relations, USCR 24.3 is inapplicable.

The remainder of Colon's contentions were raised in his initial appellate brief and were ruled on by the Court. They do not merit further discussion.

*The motion for reconsideration is denied.*

DECIDED OCTOBER 22, 2004 —
RECONSIDERATION DENIED DECEMBER 3, 2004 — 

*Orlando & Kopelman, Roger W. Orlando*, for appellant.
*Appelbaum & Laross, Eve A. Appelbaum*, for appellee.

---

[13] *Kidd v. First Commerce Bank*, 264 Ga. App. 536, 537 (1) (591 SE2d 369) (2003).

[14] (Punctuation and footnote omitted.) *Mayhue v. Middle Ga. Coliseum Auth.*, 253 Ga. App. 471, 473 (559 SE2d 488) (2002).