A05A1606. MORSE v. THE STATE.
(625 SE2d 489)

BERNES, Judge.

A Muscogee County jury found Jerome Morse guilty of one count of failure to report a collision with an unattended vehicle, one count of fleeing or attempting to elude a police officer, and two counts of resisting, obstructing or opposing a law enforcement officer. The trial court subsequently sentenced Morse as a fourth-time felon under the repeat offender statute, OCGA § 17-10-7 (a) and (c). On appeal, Morse does not contest the sufficiency of the evidence. Rather, Morse's sole contention is that the trial court erred by failing to conclude that he received ineffective assistance from his trial counsel. Finding no error, we affirm.

In order to successfully assert a claim of ineffective assistance of counsel, "a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." (Citations omitted.) *Robinson v. State*, 278 Ga. 31, 34 (3) (597 SE2d 386) (2004). "The issue of ineffective assistance is a mixed question of law and fact. Under this standard, we accept the trial court's factual findings and

---

credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Beck v. State*, 250 Ga. App. 654, 662 (8) (551 SE2d 68) (2001).

Mindful of these principles, we turn to Morse's specific allegations of ineffective assistance. Morse first argues that his trial counsel was ineffective because he failed to object to the State's repeated references during Morse's cross-examination to a letter that Morse sent to the district attorney's office prior to trial that described his version of events. The record reflects that the letter was never admitted into evidence and was used by the State only for the purpose of showing that the version of events to which Morse testified at trial was inconsistent with prior statements he had made about how events had transpired. Significantly, Morse does not contest that the statements he made in the letter contradicted his trial testimony, allege that an improper foundation was laid, or argue that the statements were irrelevant or unfairly prejudicial. Instead, his sole argument is that his trial counsel should have objected because the State's references to the letter were allegedly improper under Rule 4.2 of the Georgia Rules of Professional Conduct.

Rule 4.2, entitled "Communication with Person Represented by Counsel," provides:

> (a) A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by constitutional law or statute.
>
> (b) Attorneys for the State and Federal Government shall be subject to this Rule in the same manner as other attorneys in this State. . . .

Georgia Rules of Professional Conduct, Bar Rule 4-102 (d), Rule 4.2. "This rule is designed to protect a represented party's right to effective representation of counsel by preventing adverse counsel from taking advantage of such party through undisclosed contact." (Citation omitted.) *Askins v. Colon*, 270 Ga. App. 737, 740 (2) (608 SE2d 6) (2004).

Pretermitting whether a violation of Rule 4.2 of the Georgia Rules of Professional Conduct would have precluded the State from using Morse's letter for impeachment purposes at trial, we conclude that no such violation occurred in this case. The assistant district attorney who received and reviewed the letter and who handled the prosecution of Morse did not "communicate" with Morse in violation of the rule. The assistant district attorney did not solicit the letter

from Morse; indeed, Morse chose to send the letter against the advice of his trial counsel in an attempt to dissuade the State from proceeding with its case. Moreover, there is nothing in the record indicating that the assistant district attorney ever responded to Morse's letter or otherwise attempted to communicate or initiate contact with Morse outside the presence of defense counsel.

Hence, this is not a case where opposing counsel attempted to "tak[e] advantage" of Morse "through undisclosed contact" or communication. See *Askins*, 270 Ga. App. at 740 (2). As such, Rule 4.2 simply is inapposite under the circumstances, and it would not have provided a ground for excluding references to the letter at trial, even if Morse's trial counsel had raised an objection. For this reason, the failure of Morse's trial counsel to object to the State's references to the letter did not constitute deficient performance. "Failure to make a meritless objection is not error." (Citation and punctuation omitted.) *Brooks v. State*, 273 Ga. App. 691, 695 (4) (c) (615 SE2d 829) (2005).

Morse next argues that his trial counsel was ineffective because he failed to object to the State's comment during the sentencing phase that he "had 20 arrests" in addition to three prior felony convictions. Morse contends that his trial counsel should have objected to the comment as improper because the State had not provided any prior notice pursuant to OCGA § 17-10-2 that it planned to rely on Morse's prior arrest record. According to Morse, his trial counsel's failure to object was prejudicial because the trial court "was influenced by the [State's] improper statements" and consequently sentenced Morse "to the maximum punishment possible for the felony conviction and stacked all of the misdemeanors consecutively."

We disagree. While "[Morse] is correct that prior arrests are not properly considered in imposing recidivist punishment," there is nothing in the record showing that the trial court looked to or relied upon Morse's prior arrest record when sentencing him. *Jenkins v. State*, 235 Ga. App. 547, 550 (3) (c) (510 SE2d 87) (1998). The State's brief comment about Morse's prior arrest record occurred during the following exchange at the very beginning of the sentencing phase of the trial:

> THE COURT: Well, we'll enter the sentencing phase of this case. Is there any evidence in aggravation?
> THE STATE: Yes, sir. I've showed it to [defense counsel]. Here's three convictions. The defendant has 20 arrests.
> THE COURT: You've seen these?
> DEFENSE COUNSEL: I have, Your Honor. [The State] has shown them to me. They appear to be in proper order.
> THE COURT: These have not been given exhibit numbers.
> THE STATE: No, do you need me to mark them?

70

THE COURT: Yes, I'd like for you to give them exhibit numbers before sentencing.

Immediately following this exchange, the State introduced without objection certified copies of Morse's three prior felony convictions for purposes of having Morse sentenced as a fourth-time felon under the repeat offender statute, OCGA § 17-10-7 (c). The prior arrests were never mentioned again by the trial court, the State, or defense counsel. In contrast, Morse's three prior felony convictions were mentioned again by the trial court and defense counsel during the course of sentencing.

"A presumption exists . . . that a trial judge did not consider improper matters in imposing sentence." *Jenkins*, 235 Ga. App. at 550 (3) (c). Given that the State's reference to Morse's arrest record occurred in the context of a discussion focused on Morse's three prior felony convictions, and in light of "the absence of any indication" in the record that the trial court relied on Morse's arrest record, "we find the presumption to be unrebutted." *Watkins v. State*, 191 Ga. App. 87, 92 (8) (381 SE2d 45) (1989). Furthermore, Morse's three prior felony convictions alone were sufficient under OCGA § 17-10-7 (c) to justify his sentence. See *Jenkins*, 235 Ga. App. at 550 (3) (c). See generally *Nelson v. State*, 277 Ga. App. 92, 100 (5) (a) (625 SE2d 465) (2005). Under these circumstances, Morse cannot prove his ineffective assistance claim. Even if his trial counsel was deficient by failing to object to the State's comment concerning his prior arrests, Morse cannot show that the comment affected his sentence, and, therefore, cannot show that he was prejudiced. See *Setser v. State*, 233 Ga. App. 822, 825 (2) (505 SE2d 798) (1998) (defendant must establish that trial counsel's alleged deficient performance during the sentencing phase materially affected his sentence).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

Decided December 16, 2005 —

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Crawford L. Seals, Assistant District Attorney*, for appellee.