**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 30, 2016**

# In the Court of Appeals of Georgia

A16A0122, A16A0277. SUMMERS v. WASDIN et al. (two cases).

MCFADDEN, Judge.

In these related appeals, we granted interlocutory review of two orders arising from the plaintiff's contention that the defendants were in default. As detailed below, the trial court correctly held that the defendants timely filed their answer. Accordingly, they were not in default. We therefore vacate the trial court's order permitting the defendants to open default in Case No. A16A0122, and we affirm the trial court's order denying the plaintiff's motion for entry of default judgment in Case No. A16A0277.

1. *Facts and procedural history.*

On June 2, 2014, the plaintiff filed a complaint seeking injunctive and other relief in connection with a dispute over the irrigation of farm land that was the subject

of an agreement between the parties. The plaintiff also requested a temporary restraining order (TRO). On June 17, 2014, the trial court entered a temporary consent order on issues raised in the TRO request, and on that same day the defendants' attorney signed an acknowledgment of service of the complaint, which the plaintiff filed with the trial court on June 25, 2014. On July 23, 2014, the defendants filed their answer. Thereafter, the plaintiff moved for partial summary judgment, which the trial court denied on October 17, 2014.

After the trial court denied the plaintiff's motion for partial summary judgment, the plaintiff moved the trial court to strike the defendants' answer and to enter a default judgment, arguing that the answer had been untimely. The defendants opposed this motion, arguing that their answer had been timely, and they filed a separate "Motion for Leave to Open Potential Default" reiterating the timeliness of their answer but asking that, if the trial court found them in default, he permit them to open the default.

The trial court entered separate orders on these motions. He denied the plaintiff's motion to strike the answer and to enter a default judgment, holding that the answer was timely because it was filed 29 days after the filing of the acknowledgment of service with the court. He granted the defendants' "Motion for

2

Leave to Open Potential Default," noting that the motion was premised on the plaintiff's allegation that the answer was untimely, finding that OCGA § 9-11-55 permitted the opening of a default, and requiring the defendants to pay court costs by a specified date or the answer "shall stand dismissed." The defendants then timely paid court costs.

2. *Motion to strike answer and enter default judgment (Case No. A16A0277).*

(a.) The plaintiff contends that the defendants' answer was untimely and consequently that the trial court erred in denying his motion to enter a default judgment. That answer, however, was timely.

"A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, *unless otherwise provided by statute*." OCGA § 9-11-12 (a) (emphasis supplied). Where the person serving the process files proof of service with the court more than five business days after the service date, OCGA § 9-11-4 (h) provides that "the time for the party served to answer the process shall not begin to run until such proof of service is filed." Proof of service includes "[t]he written admission or acknowledgment of service by the defendant." OCGA § 9-11-4 (h) (4). In this case, although the defendants' written acknowledgment of service was dated June 17, 2014, it was not filed with the trial court until June 26, 2014, more

3

than five business days later. Accordingly, viewing the defendants' acknowledgment of service as the proof of service in this case, OCGA § 9-11-4 (h) provides that the time for the defendants to answer began to run on June 26, 2014, making their July 23, 2014 answer timely. (Our decision in *Berklite v. Bill Heard Chevrolet Co.*, 239 Ga. App. 791, 791-792 (1) (522 SE2d 246) (1999), holding that the date of execution of an acknowledgment, and not the date of its filing, triggered the defendant's 30-day period for filing an answer, is inapposite; it construed an earlier version of OCGA § 9-11-4 that did not contain the provision governing instances where proof of service was filed more than five business days after the service date. Compare OCGA § 9-11-4 (h) with former OCGA § 9-11-4 (g) (1999).)

(b.) The plaintiff argues, however, that we should not view the defendants' acknowledgment of service as the proof of service in this case. Instead, the plaintiff argues that the defendants made general appearances in the case that waived their right to service and triggered the running of the 30-day period before June 26, 2014. See *Roberts v. Bienert*, 183 Ga. App. 751, 753 (2) (360 SE2d 25) (1987) (appearance and pleading in writing to the merits will waive service, if want of service is not pleaded at the same time). The plaintiff points to the defendants' alleged participation

4

in a June 3, 2014 hearing on the plaintiff's request for a temporary restraining order and to the resulting June 17, 2014 temporary consent order. We are not persuaded.

First, as to the June 3, 2014 hearing, the appellate record does not support the plaintiff's assertion that the defendants made a general appearance at a hearing on that date. "An appearance signifies an overt act by which a person against whom suit has commenced submits himself to the jurisdiction of the court," *Dyer v. Surratt*, 266 Ga. 220, 222 (4) (466 SE2d 584) (1996) (citation and punctuation omitted), but if the person excepts to the service or raises the defense of lack of jurisdiction, no waiver of service is effected. *Roberts*, 183 Ga. App. at 753 (2). We cannot tell from the record in this case whether, at the June 3 hearing, the defendants acted in a way that constituted a submission to the trial court's jurisdiction, on the one hand, or took exception to the service or the trial court's jurisdiction, on the other hand. The record contains no transcript of a hearing or other evidence addressing this issue. Referring to the hearing in prefatory language in the temporary consent order, the trial court states merely that the "matter *ha[d] been scheduled* for an emergency hearing" and that "the parties ha[d] engaged in settlement negotiations and resolved all matters to be addressed at the hearing on a temporary basis *without presenting evidence or argument*[.]" (Emphasis supplied.) In the absence of evidence showing that the

5

defendants had, in fact, made a general appearance before the trial court at that time, we must assume that what occurred before the trial court supported the trial court's ultimate determination. See *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998) (appellant has burden of showing error by the record and where record does not include proof necessary to determine issues on appeal, appellate court must assume judgment below was correct).

Second, as to the defendants' consent to the temporary consent order on issues raised by the TRO request, it is true that pleading in writing to the merits of a case can waive service. *Roberts*, 183 Ga. App. at 753 (2). For purposes of our analysis we will assume without deciding that a defendant's consent to a temporary order resolving issues raised in a TRO request is such a pleading to the merits and can constitute a waiver of service.

Having made that assumption, we are faced with an unusual circumstance: two different waivers of service by the defendants – one implied, in the form of the consent to the temporary order, the other express, in the form of the written acknowledgment of service – that occurred on the same day but that gave rise to different deadlines for answering the complaint. See generally *Jones v. Jones*, 209 Ga. 861, 865 (1) (76 SE2d 801) (1953) (acknowledgment constitutes waiver of

6

service). The plaintiff accepted the defendants' acknowledgment of service, and when the defendants filed their answer based on the time period triggered by that express waiver, the plaintiff did not at that time challenge the timeliness of the answer or contend that the defendants were in default; instead the plaintiff filed a motion for partial summary judgment, an action that could be viewed as a waiver of the plaintiff's right to a default judgment. See generally *Laviano v. Travelers Ins. Co.*, 276 Ga. App. 611, 613 (624 SE2d 189) (2005) (plaintiff may waive statutory right to judgment following default by proceeding with action without taking advantage of his right to judgment in timely and proper manner). Only *after* the trial court ruled against him on that motion did the plaintiff seek to hold the defendants in default. Pretermitting whether an implied waiver of service could ever trump an express waiver of service, under the circumstances of this case and in light of Georgia's policy favoring decisions on the merits of cases over default judgments, see *Pleats, Inc. v. OMSA, Inc.*, 211 Ga. App. 643, 644 (1) (440 SE2d 214) (1993), we view the express waiver of service rather than the implied waiver of service to have triggered the 30-day answer period, making the defendants' answer timely under OCGA § 9-11-4 (h).

3. *"Motion for Leave to Open Potential Default" (Case No. A16A0122).*

The plaintiff argues that the trial court erred in granting the defendants' "Motion for Leave to Open Potential Default." In that motion, the defendants argued that, if they were in default, they should be permitted to open the default. Because the defendants were not in default, the motion was moot. See *Richards v. Wells Fargo Bank*, 325 Ga. App. 722, 726 (5) (b) (754 SE2d 770) (2014) ("A motion is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.") (citation and punctuation omitted). So it was due to be denied as moot. Cf. *Baez v. Miller*, 266 Ga. 211(465 SE2d 671) (1996) (affirming trial court's order denying as moot appellant's request for mandamus where appellee had performed duty that appellant sought to compel). We hereby vacate the trial court's ruling on this motion and remand this case for entry of a judgment not inconsistent with our opinion.

*Judgment vacated and case remanded with direction in Case No. A16A0122. Judgment affirmed in Case No. A16A0277, Miller, P. J., concurs. McMillian, J., concurs fully in Divisions 1, 2 (a), and 3 and in the judgment only as to Division 2 (b).*

A16A0122, A16A0277. SUMMERS v. WASDIN et al  (two cases).

McMILLIAN, Judge, concurring specially.

I concur fully in Divisions 1, 2 (a), and 3 of the majority's opinion. I concur in judgment only as to Division 2 (b) because I do not agree with all that is said in that division of the majority opinion. Thus, the majority's opinion in Division 2 (b) decides only the issues presented in that division and may not be cited as binding precedent in future cases. See Court of Appeals Rule 33 (a).