## 29494. TRULOVE v. TRULOVE.

HILL, Justice.

Kermit Mondale Trulove filed a complaint for divorce in Cobb Superior Court against Judy Lane Powell Trulove, appellant here. She filed an answer and counterclaim seeking a divorce, and made a timely demand for jury trial.

The case was set for trial before a jury on April 25, 1973, after the entry of a pre-trial order prepared in contemplation of such jury trial. When the wife was unable to appear on that date, a continuance was granted.

Subsequently, the husband dismissed his complaint and on January 4, 1974, he filed a motion to amend the pre-trial order in which he alleged that he had dismissed his complaint for divorce on June 25, 1973, leaving the wife's answer and counterclaim pending with no issues of fact unresolved. He further asserted that he had been granted a total divorce from the wife on December 6, 1973, and attached a copy of a Nevada decree. He prayed that

the action be removed from the jury calendar and the wife's demand for jury be struck, contending that since there were no pleadings in the case opposing the wife's counterclaim for divorce, she was no longer entitled to trial by jury.

The superior court sustained the motion to strike the demand for jury trial, and ordered that the case be tried without a jury.

The wife appeals upon certificate for immediate review, contending that at the time she filed her answer and counterclaim there vested in her a right to trial by jury which could not be divested by subsequent act of the husband, and that the question of whether the husband had perpetrated a fraud upon the courts of Nevada presents an issue to be tried by a jury.

There is no dispute between the parties regarding the wife's right to pursue her counterclaim notwithstanding the dismissal of the husband's complaint. Code Ann. § 81A-141 (a); *Jones v. Jones,* 230 Ga. 738 (2) (199 SE2d 239). The issue is whether under the circumstances of this case, there is a right to trial by jury. *Held:*

Code Ann. § 30-101, as amended by Ga. L. 1960, pp. 1023, 1024, provides that a divorce action shall be heard and determined by the judge "unless an issuable defense is filed as provided by law and a jury trial demanded in writing by either party on or before the call of the case for trial." Code Ann. § 30-113 (Ga. L. 1967, pp. 226, 246) states that "no verdict or judgment by default shall be taken in any such case, but the allegations of the pleadings shall be established by evidence."

In the case at bar an issuable defense was filed as provided by law (the wife's answer and counterclaim of cruel treatment by the husband) and a written demand for jury trial was made and granted. The wife's counterclaim admittedly remains pending for independent adjudication (*Jones v. Jones,* 230 Ga. 738, supra), and the voluntary dismissal of the husband's complaint does not nullify the mandate of Code Ann. § 30-113, supra.

Moreover, in answering the husband's motion to amend the pre-trial order setting up the Nevada divorce decree, the wife has raised the issue as to whether the

Nevada decree is valid; i.e., whether the husband was domiciled in Nevada and whether he obtained his divorce there as a result of fraud practiced upon the courts of that state.

A divorce decree obtained in another state against a resident of this state who was served by publication may be attacked collaterally for fraud when offered in the courts of this state as a bar to the resident spouse's action for divorce. *Adams v. Adams,* 191 Ga. 537 (13 SE2d 173). "The question of domicile is a mixed question of law and fact, and is ordinarily one for a jury [cits.], and should not be determined by the court as a matter of law except in plain and palpable cases. [Cits.]" *Patterson v. Patterson,* 208 Ga. 7, 13 (64 SE2d 441); *Williams v. Williams,* 226 Ga. 734, 736 (177 SE2d 481).

In a suit for divorce, where the filing of an answer is not mandatory (Code Ann. § 30-113), an "issuable defense" within the meaning of Code Ann. § 30-101 may be made by a pre-trial order or other pleadings filed as provided by law. The right of a spouse in a suit for divorce to defend without filing an answer (Code Ann. § 30-113), should not be used to deny the existence of an "issuable defense" and thereby defeat the right to jury trial provided by Code Ann. § 30-101. We find that "an issuable defense [was] filed as provided by law" in this case within the meaning of Code Ann. § 30-101. *Flournoy v. Flournoy,* 228 Ga. 224 (184 SE2d 822), was a case in which no issuable defense had been filed.

We therefore hold that the statutory requirements for jury trial are satisfied in the present posture of the instant case and that the superior court erred in ordering it to be tried without a jury.

*Judgment reversed. All the Justices concur. Ingram, J., disqualified.*

SUBMITTED DECEMBER 20, 1974 — DECIDED MARCH 4, 1975.

*Richard L. Powell,* for appellant.
*G. Robert Howard,* for appellee.