S00A0162. HARGIS v. DEPARTMENT OF HUMAN RESOURCES.
(533 SE2d 712)

HINES, Justice.

The Department of Human Resources ("DHR") filed suit to establish William Hargis's paternity of a minor. Hargis answered on May 20, 1997, demanding a jury trial. On July 1, 1997, an amendment to OCGA § 19-7-40 became effective which extinguished the right to a jury trial in a paternity suit. Trial was set on the non-jury calender and Hargis filed a motion for jury trial, which was denied. This Court granted Hargis's application for interlocutory review to consider the trial court's ruling that he did not have a right to a jury trial.

Hargis contends that applying amended OCGA § 19-7-40 to him unconstitutionally deprives him of the right to trial by jury. See Ga. Const. of 1983, Art. I, Sec. I, Par. XI; *Kelly v. Dept. of Human Resources*, 269 Ga. 384, 384-385 (1) (498 SE2d 741) (1998). It is without question that Hargis had a right to a jury trial when he filed his demand. See former OCGA § 19-7-40 (a) & (b). Thus, the question is whether the amendment to the statute, effective July 1, 1997, may be given retroactive application in light of Georgia's constitutional ban on retroactive laws. See Ga. Const. of 1983, Art. I, Sec. I, Par. X; *Canton Textile Mills v. Lathem*, 253 Ga. 102, 105 (1) (317 SE2d 189) (1984). "Although legislation which involves mere procedural or evidentiary changes may operate retrospectively, legislation which affects substantive rights may operate prospectively only." *Enger v. Erwin*, 245 Ga. 753 (267 SE2d 25) (1980). "Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations." *Polito v. Holland*, 258 Ga. 54, 55 (3) (365 SE2d 273) (1988).

The right to a jury trial is a substantive one. See *Barner v. State*, 263 Ga. 365, 367 (4) (434 SE2d 484) (1993); *Bell v. Cronic*, 248 Ga. 457, 459 (283 SE2d 476) (1981). See also *McSears v. State*, 247 Ga. 48, 49-51 (2) (273 SE2d 847) (1981) (statute changing the size of a jury from twelve to six could not be applied retroactively to a criminal defendant because to do so would deprive him of a "substantial right" to be tried by a jury of twelve). Accordingly, a statute providing that a civil defendant may demand a jury trial provides that defendant with a substantive right, and a statute removing that right cannot be given retroactive application. That right vested in Hargis upon his demand for a jury trial. See *Paul v. Keene*, 272 Ga. 357 (529 SE2d 135) (2000); *Trulove v. Trulove*, 233 Ga. 896 (213 SE2d 868) (1975); *Walker v. Bivins*, 57 Ga. 322, 325-326 (2) (1876). Therefore, the 1997 amendment to OCGA § 19-7-40 was unconstitutionally applied to him.[1]

DHR argues that the legislature intended that the amendment to OCGA § 19-7-40 be applied retrospectively because other sections of Ga. L. 1997, pp. 1613-1679 were specified to be effective January 1, 1998, and to "apply to all proceedings initiated on or after that date." Ga. L. 1997, p. 1679, § 36. But the bill is silent as to retrospective or prospective application of the section at issue, other than to state that it, and most other sections, "become effective on July 1, 1997." Ga. L. 1997, p. 1679, § 36. This silence is not language that "imperatively requires" retroactive application under the rules of statutory interpretation. See *Coastal Ga. Reg. Dev. Center v. Higdon*, 263 Ga. 827, 830 (2) (439 SE2d 902) (1994); *Polito*, supra at (2). Further, even if it did show an intent for such application, the legislature may not enact a statute to apply retrospectively in violation of our constitutional provision barring retroactive laws. See *Canton Textile Mills*, supra; *Enger*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 14, 2000.

*Christopher A. Townley, Thomas F. Lindsay*, for appellant.
*Womack & Rhyne, John T. Siess, Thurbert E. Baker, Attorney*

---

[1] It is not necessary to determine whether other applications of the new statute would be unconstitutional. Regardless of whether a party to a paternity proceeding had a right to a jury trial under common law, or whether that right was a creation of statute, see *Kelly*, supra, the statute as it existed when Hargis demanded a jury trial clearly provided for one if the putative father demanded it. See former OCGA § 19-7-40 (a) & (b).

*General, William C. Joy, Senior Assistant Attorney General, Katherine S. Davis, Assistant Attorney General,* for appellee.