## S03A0824. BLAYLOCK v. BLAYLOCK.
### (586 SE2d 650)

CARLEY, Justice.

In November of 2001, Janelle Blaylock (Wife) filed suit for divorce. Daron Blaylock (Husband) acknowledged service, but he did not answer the complaint. After Husband retained counsel, the parties engaged in settlement discussions and discovery. Wife filed a demand for jury trial. Husband moved to strike the demand, relying on the fact that he did not file defensive pleadings and OCGA § 19-5-1 (a), which provides, in relevant part, that

> [u]nless an issuable defense is filed as provided by law and a jury trial is demanded in writing by either party on or before the call of the case for trial, in all petitions for divorce and permanent alimony the judge shall hear and determine all issues of law and of fact and any other issues raised in the pleadings.

The trial court granted the motion to strike, but certified its order for immediate review. We granted an interlocutory appeal from that order.

A default judgment cannot be entered in a divorce action. OCGA § 19-5-8; *Benefield v. Benefield*, 224 Ga. 208 (2) (160 SE2d 895) (1968). Because a defendant is not required to answer formally, "an 'issuable defense' within the meaning of [OCGA § 19-5-1 (a)], may be made by a pre-trial order or other pleadings filed as provided by law." *Trulove v. Trulove*, 233 Ga. 896, 898 (213 SE2d 868) (1975). "A 'defense' is '(t)hat which is offered and alleged by the party proceeded against in an action or suit, as a reason in law or fact why the plaintiff should not recover or establish what he seeks. . . .' [Cit.]" *T.V. Tempo v. T.V. Venture*, 182 Ga. App. 198, 200 (1) (355 SE2d 76) (1987). Therefore, a trial court presiding over a divorce action must comply with a demand for jury trial unless, after reviewing all of the pleadings, it determines that there is not any factual dispute remaining as to any issue raised by the complaint or any counterclaim. "If

there is an issue of fact, either party is entitled to a jury trial." *Dickson v. Dickson*, 238 Ga. 672, 674 (4) (235 SE2d 479) (1977).

Here, the trial court acted prematurely by striking Wife's demand even prior to entry of the pre-trial order. See *Trulove v. Trulove*, supra. When the pre-trial order was entered, Husband indicated therein that "[s]ubstantial assets have been accumulated as result of [his] career as a professional basketball player; however, [he] is now unemployed. [He] is willing to provide support for the minor children and provide [Wife] with a fair share of the assets." Thus, Husband concedes that he is financially obligated for child support, but apparently he intends to rely upon his current unemployment to limit the amount of the child support award and the equitable division of the marital property. See OCGA § 19-6-15 (b) (1) ("[c]omputation of child support shall be based upon gross income. . . ."). Insofar as Wife's entitlement to an equitable division is concerned, Husband's expressed willingness to provide her with what he deems to be a fair share is not controlling. An equitable division of property is based upon the respective interest of the parties in the marital estate, and not upon one party's generosity. See *Wagan v. Wagan*, 263 Ga. 376, 377 (434 SE2d 475) (1993). By purporting to retain the right to determine what constitutes a fair share of the marital assets, Husband presumably intends to contest the extent of Wife's equitable interest in property acquired as the result of his earnings as a professional athlete. See *McArthur v. McArthur*, 256 Ga. 762, 764 (353 SE2d 486) (1987) (a "party's contribution to the acquisition and maintenance of the property" relevant in making an equitable division).

In striking Wife's demand for jury trial, the trial court noted that Husband "intends only to contest the amount of support to be awarded and the manner in which the marital estate is to be divided." It is true that he did not deny his obligation for child support or her entitlement to an equitable division of property. However, OCGA § 19-5-1 (a) predicates the right to a jury trial upon the filing of "an issuable defense." A defense can be partial, as well as complete. A "partial defense" is one "going either to part of the action or toward mitigation of damages." Black's Law Dictionary, p. 430 (7th ed. 1999). According to the pre-trial order filed in this case, Husband seeks to limit the amount that Wife is awarded as child support and as an equitable portion of the marital assets. "The right to a jury trial is a substantive one. [Cits.]" *Hargis v. Dept. of Human Resources*, 272 Ga. 617, 618 (533 SE2d 712) (2000). Absent waiver, OCGA § 19-5-1 (a) requires that a trial court submit a divorce case to a jury when an issuable defense is raised and one of the parties files a timely demand for a jury trial. *Franklin v. Franklin*, 267 Ga. 82, 83 (1) (475 SE2d 890) (1996). Husband raised an issuable defense to Wife's

claims, and she had the substantive right to seek a jury trial under the statute. The trial court erred in striking the timely demand for a jury trial. *Trulove v. Trulove*, supra; *Flournoy v. Flournoy*, 228 Ga. 224 (184 SE2d 822) (1971).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*Warner, Mayoue, Bates, Nolen & Collar, John C. Mayoue, Paul J. Coburn, Hope C. Allen*, for appellant.
*Slaughter & Virgin, Frank W. Virgin*, for appellee.