A05A0099, A05A0100. SRM REALTY SERVICES GROUP, LLC
v. CAPITAL FLOORING ENTERPRISES, INC. (two cases).
(617 SE2d 581)

PHIPPS, Judge.

In Case No. A05A0099, SRM Realty Services Group, LLC appeals from a default judgment entered against it and in favor of Capital Flooring Enterprises, Inc. In Case No. A05A0100, SRM Realty appeals from the denial of its motion to set aside that default judgment. In both cases, SRM Realty argues that its answer was timely. Alternatively, it argues that even if its answer was untimely, the default judgment must nonetheless be set aside because Capital Flooring failed to provide it with notice that it was seeking a default judgment and because Capital Flooring did not make certain certifications to the court in seeking default judgment. Finding no merit in these arguments, we affirm the judgments.

On January 8, 2004, Capital Flooring filed suit against "SRM Realty Services, LLC, & that certain Cash Bond in the amount of

---

[14] See Division 1, supra.
[15] *McCollum v. State*, 257 Ga. App. 330, 333 (2) (a) (571 SE2d 405) (2002) (footnote omitted).
[16] Id.

$11,272.57." Capital Flooring alleged that, pursuant to a contract with a building contractor, it had provided $11,272.57 worth of labor and materials for improvements upon certain real estate; that the contractor had failed to pay it that amount; that it thus filed a claim of lien in the clerk's office for the county where the property was located; that a subsequent title search by SRM Realty conducted on behalf of the contractor in its sale of the property to new owners negligently failed to discover the lien; that SRM Realty thereafter filed a cash bond in that amount to be used to pay the holder of the lien if it was determined to be due in any legal proceeding seeking to foreclose the lien and recover same; that upon the filing of the cash bond, the property was discharged from the lien; and that it had obtained a judgment against the contractor in the amount of $11,272.57, but had not yet been paid.

That same day, Capital Flooring's attorney sent SRM Realty's attorney a letter, which stated in its entirety,

> Enclosed please find a copy of the Complaint which we have filed on behalf of Capital Flooring in the above styled case. In accordance with our previous understanding, please sign the original enclosed Acknowledgment of Service and return the same to me in the enclosed self addressed envelope. We have also enclosed one (1) copy of the Acknowledgment of Service for your files.

The accompanying "Acknowledgment of Service" stated in its entirety,

> Comes Now, the Defendant, SRM Realty Services, LLC, a Georgia limited liability company, and by and through its counsel of record, hereby acknowledges due and legal service of the complaint and all exhibits thereto and the summons in the above styled case and hereby waives all other and further service.

The accompanying summons contained the following language,

> You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney . . . an answer to the complaint which is herewith served upon you WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

SRM Realty's attorney executed the "Acknowledgment of Service." Above the signature area was handwritten, "Acknowledged as of January 14, 2004." On March 8, SRM Realty filed and served Capital Flooring with an answer to the complaint.

Two days later, Capital Flooring sought a default judgment. Its default certificate stated,

> No answer or other defensive pleadings was filed by the Defendant or by anyone on behalf of the sums paid into this Court within thirty (30) days of the Acknowledgment of Service. Said Answer or other defensive pleadings were legally due on or before February 13, 2004. . . . Said case thus went into Default on or about February 14, 2004. . . . No costs were paid into the Court and no answer or other defensive pleadings were filed by the Defendant or by anyone on behalf of the sums paid into this Court after said case went into Default within fifteen (15) days of February 14, 2004. Defendant's right to open the Default expired as a matter of law on or about March 1, 2004. . . . Defendant on or about March 8, 2004 attempted to file an Answer in said case without payment of any costs and without the filing of any Motion to Open Default. Plaintiff was served with the defensive pleadings on March 9, 2004.

On March 10, 2004, the trial court entered a default judgment, ordering, among other things, that the cash bond previously paid into the court's registry be disbursed to the plaintiff.

SRM Realty filed a motion to set aside the default judgment, arguing that its answer had been timely served. OCGA § 9-11-12 mandates, "A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." SRM Realty cited OCGA § 9-11-4 (d), arguing that pursuant to that statute, it was allotted 60 days from the date on which the "Acknowledgment of Service" was sent to it to serve its answer. It claimed that its answer, which was served on March 8, was timely.

Under OCGA § 9-11-4 (d), a plaintiff may notify a defendant of the commencement of an action and request that the defendant waive service of a summons. Paragraph (3) of OCGA § 9-11-4 (d) sets forth specific requirements for the notice and request. And paragraph (5) of OCGA § 9-11-4 (d) provides,

> A defendant that, before being served with process, returns a waiver *so requested* in a timely manner is not required to serve an answer to the complaint until 60 days after the date

on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.[1]

The court denied the motion to set aside the default judgment based on its determination that Capital Flooring's notice and waiver request had not fully accorded with OCGA § 9-11-4 (d) (3), which requires that a notice and request:

(A) Be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent or other agent authorized by appointment to receive service of process for a defendant subject to service under paragraph (1) or (2) of subsection (e) of this Code section;
(B) Be dispatched through first-class mail or other reliable means;
(C) Be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
(D) Make reference to this Code section and shall inform the defendant, by means of the text prescribed in subsection (l)[2] of this Code section, of the consequences of compliance and of failure to comply with the request;
(E) Set forth the date on which the request is sent;
(F) Allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and
(G) Provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

The court determined, "Specifically, the January 8, 2004 letter fails to satisfy all or portions of the requirements set forth in [parts (A), (C), and (D)]." It therefore concluded that SRM Realty had not shown entitlement to the 60-day time period allotted under OCGA § 9-11-4 (d).

1. SRM Realty contends that the trial court erred in determining that its answer was untimely. It maintains that, because its attorney

---

[1] (Emphasis supplied.)
[2] Subsection (l) sets forth illustrative forms for obtaining waiver pursuant to OCGA § 9-11-4 (d).

executed the "Acknowledgment of Service," it was entitled to a 60-day response time pursuant to OCGA § 9-11-4 (d). Capital Flooring counters that SRM Realty's attorney's execution of the "Acknowledgment of Service" did not implicate OCGA § 9-11-4 (d). Capital Flooring claims that by signing the "Acknowledgment of Service," SRM Realty's attorney waived service pursuant to OCGA § 9-10-73 and that that Code section does not expand the time limitation mandated by OCGA § 9-11-12 to serve an answer.[3]

In its entirety, OCGA § 9-10-73 provides, "The defendant may acknowledge service or waive process by a writing signed by the defendant or someone authorized by him." In analyzing OCGA § 9-10-73 in relation to OCGA § 9-11-4 (d), we are guided by *State v. Lockett*,[4] which states: "A statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes in pari materia, are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto."[5] Generally, where the language of an act is plain and unequivocal, judicial construction is forbidden.[6] And it is "presumed that the legislature did not intend to effect a greater change than is clearly apparent either by express declaration or by necessary implication."[7]

OCGA §§ 9-10-73 and 9-11-4 (d) relate to the same subject matter: waiver of service. The law stated in OCGA § 9-10-73 existed long before the enactment of OCGA § 9-11-4 (d),[8] which was added as part of the 2000 amendments.[9] If the General Assembly had intended

---

[3] We reject Capital Flooring's argument that SRM Realty has no standing to appeal the contested judgments. Capital Flooring points out that it sued "SRM Realty Services, LLC," that that entity had signed the "Acknowledgment of Service," and that that entity had suffered the default judgment. This discrepancy, however, does not appear to be material since "SRM Realty Services Group, LLC" filed the contested defensive pleading to the complaint, now appeals the contested judgments, and concedes in its appellate brief that "SRM Realty Services Group, LLC and SRM Realty Services, LLC are one [and] the same such that using one name instead of the other amounts to nothing more than a misnomer." See generally *Foskey v. Vidalia City School*, 258 Ga. App. 298, 299-300 (a) (574 SE2d 367) (2002); *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730, 731 (391 SE2d 707) (1990); *Miller v. U. S. Shelter Corp. of Delaware*, 179 Ga. App. 469, 472 (2) (347 SE2d 251) (1986).

[4] 259 Ga. App. 179 (576 SE2d 582) (2003).

[5] Id. at 180 (punctuation and footnote omitted); see also *Holmes v. Chatham Area Transit Auth.*, 234 Ga. App. 42, 44 (505 SE2d 225) (1998).

[6] *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970).

[7] *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales*, 149 Ga. App. 354, 356 (254 SE2d 426) (1979) (citation and punctuation omitted).

[8] See, e.g., *Burgin & Sons Glass Co. v. McIntire*, 7 Ga. App. 755 (68 SE 490) (1910), which cites OCGA § 9-10-73's predecessor, Civil Code 1895 § 4983, as authority for the proposition that a defendant has the right to waive process.

[9] Ga. L. 2000, p. 1225.

to eliminate OCGA § 9-10-73 or to impose upon OCGA § 9-10-73 any of the particularities of OCGA § 9-11-4 (d), it could have done so. It did neither expressly; and neither is necessarily implied. We conclude that OCGA § 9-10-73 remains a viable method of effecting waiver of service, independent of OCGA § 9-11-4 (d).[10] This conclusion, moreover, is consistent with OCGA § 9-11-4 (j),[11] concerning methods of service:

> The methods of service provided in this Code section are cumulative and may be utilized with, after, or independently of other methods of service. Whenever a statute provides for another method of service, service may be made under the circumstances and in the manner prescribed by the statute or under any other methods prescribed in this Code section. . . .

Turning to whether the trial court erred in determining that the notice and request for waiver in this case were not undertaken pursuant to OCGA § 9-11-4 (d), we note that OCGA § 9-10-73, unlike OCGA § 9-11-4 (d), prescribes no particular form for the notice and request for waiver. Neither the January 8 letter nor the "Acknowledgment of Service" made reference to OCGA § 9-11-4. Neither informed SRM Realty, "by means of the text prescribed in subsection (l) of [OCGA § 9-11-4],"[12] of the consequences of compliance or of failure to comply with a waiver request. Subsection (l) of OCGA § 9-11-4 includes the following language:

> This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. . . . If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within 60 days

---

[10] See generally *Askins v. Colon*, 270 Ga. App. 737, 739 (1) (608 SE2d 6) (2004) (physical precedent only).

[11] Prior to the 2000 amendments, this Code section was designated as OCGA § 9-11-4 (i). See editor's notes to OCGA § 9-11-4.

[12] OCGA § 9-11-4 (d) (3) (D).

> from the date designated below as the date on which this notice is sent (or within 90 days from that date if your address is not in any judicial district of the United States). If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you . . . to pay the full cost of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

In stark contrast to OCGA § 9-11-4 (d)'s allotment of 60 (or 90) days to a defendant that returns a waiver pursuant to that Code provision in a timely manner, the summons in this case expressly advised SRM Realty that its answer was due within 30 days after receipt of the summons. The summons further warned that failure to answer within that time frame would subject it to judgment by default. Furthermore, even the parties agree that the "Acknowledgment of Service" executed in this case is a "far cry" from that described and detailed by OCGA § 9-11-4 (d).[13] Under these circumstances, we find no error in the trial court's determination that the notice and request for waiver in this case were not undertaken pursuant to OCGA § 9-11-4 (d) and that therefore SRM Realty was not entitled to the 60-day time period allotted under that Code provision.[14]

Acknowledgment of service and waiver of process pursuant to OCGA § 9-10-73 "put the party in precisely the same situation as though process were annexed and service effected by the proper officer. The sole purpose of waiver of service is to avoid formal service."[15] Because the time period to serve an answer is not extended by OCGA § 9-10-73, where service is acknowledged pursuant to that statute, an answer must be served within 30 days after service is acknowledged.[16]

The trial court was authorized to conclude that SRM Realty's attorney executed an acknowledgment and waiver undertaken pursuant to OCGA § 9-10-73; that SRM Realty's answer was therefore

---

[13] OCGA § 9-11-4 (d) (3) (D) references the illustrative forms set forth in OCGA § 9-11-4 (l).

[14] See generally *Askins,* supra.

[15] *Berklite v. Bill Heard Chevrolet Co.,* 239 Ga. App. 791, 792 (1) (522 SE2d 246) (1999) (citations and punctuation omitted).

[16] Id.

due within 30 days after the acknowledgment and waiver;[17] and that, because SRM Realty failed to serve an answer within that period, its answer was untimely.[18]

2. SRM Realty contends that the trial court erred by granting Capital Flooring default judgment because Capital Flooring did not provide SRM Realty with notice pursuant to OCGA § 9-11-5 (a) that it was seeking a default judgment.

That Code provision states,

> *Except as otherwise provided in this chapter*, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. However, the failure of a party to file pleadings in an action shall be deemed to be a waiver by him or her of all notices, including notices of time and place of trial and entry of judgment. . . .[19]

Providing otherwise within the same chapter is Georgia's default judgment statute, codified at OCGA § 9-11-55 and expressly triggered by the lack of a timely answer. Subsection (a) of that Code section provides,

> If in any case *an answer has not been filed within the time required by this chapter*, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff *at any time thereafter shall be entitled* to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence

---

[17] SRM Realty has not challenged the authority of the attorney who acknowledged service on its behalf.

[18] See *Berklite*, supra.

[19] OCGA § 9-11-5 (a) (emphasis supplied).

and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages; provided, however, in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages. An action based upon open account shall not be considered one for unliquidated damages within the meaning of this Code section.[20]

SRM Realty served no timely answer;[21] consequently, the case lapsed into default. Although SRM Realty could have sought relief from the default,[22] it made no attempt to do so. Furthermore, SRM Realty makes no argument that this action is one ex delicto, that this case involves unliquidated damages, or that it placed damages in issue by filing a pleading raising such issue. Indeed, SRM Realty concedes in its brief that it "unfortunately failed to discover that [Capital Flooring] had filed a Claim of Lien against [the] Property," but "since it did not appear that the Claim of Lien had [ ] been properly perfected, [it] elected to post a cash bond[ ] rather than settling."

Nevertheless, SRM Realty did not assert a timely defense. While the case was in default, SRM Realty simply served and filed its answer without any payment of costs. But a default cannot be opened merely by serving and filing an untimely answer.[23] A defaulting defendant must first obtain relief from the default.[24] To permit otherwise would essentially render OCGA § 9-11-55 null.

Because SRM Realty failed to obtain relief from the default status of the case, OCGA § 9-11-55 entitled Capital Flooring to a

---

[20] OCGA § 9-11-55 (a) (emphasis supplied).

[21] See Division 1, supra.

[22] OCGA § 9-11-55.

[23] See *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985) (default estops defendant from offering any defense that would defeat plaintiff's right of recovery); *Powell v. Powell*, 244 Ga. 25, 26 (1) (257 SE2d 531) (1979) (default cannot be opened merely by filing an untimely answer, and where answer was served more than 45 days after service, default judgment was proper).

[24] See generally *Hoard v. Wiley*, 113 Ga. App. 328, 335 (4) (147 SE2d 782) (1966) (the right to open an automatic default within the 15-day period is expressly conditioned upon the payment of costs, and where defendant failed to comply with this condition, the trial court did not err in granting plaintiff's motion to strike defendant's answer). Compare divorce cases such as *Brown v. Brown*, 217 Ga. App. 245 (457 SE2d 215) (1995) (where answer was filed after 30 days of service of the complaint in a *divorce* action, defendant had not waived subsequent notices, where no judgment had been taken before the answer was filed). A default judgment cannot be entered in a divorce action. *Blaylock v. Blaylock*, 277 Ga. 56 (586 SE2d 650) (2003).

default judgment. Accordingly, the trial court did not err in granting Capital Flooring default judgment, even though Capital Flooring did not first provide notice to SRM Realty that it was seeking same.

We note that the federal rule of civil procedure governing default judgments and many state counterparts expressly entitle a defendant who has made an appearance in the case to written notice of an application for default judgment prior to the hearing thereon.[25] Georgia's counterpart, OCGA § 9-11-55, does not. The plain language of that Code section "entitles" a plaintiff to default judgment where, as here, a defendant has failed to serve an answer timely, 15 days have elapsed from the time an answer was due without an answer served and costs paid, the defaulting defendant has made no attempt to open the default, and the action does not fall within any of the exceptions set forth in that Code section. However, "default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law."[26] While providing prior notice to a defaulting defendant of plaintiff's intent to seek default judgment may further Georgia courts' "policy of deciding cases on their merits,"[27] whether and under what circumstances Georgia's Civil Practice Act will so provide is a matter for our state's legislative branch.

3. SRM Realty contends that the trial court erred in granting default judgment, arguing that Capital Flooring failed to comply with the requirement set forth in Uniform Superior Court Rule (USCR) 15 that a party seeking default judgment must certify to the court that there has been no defensive pleading from the party against whom the judgment is sought. SRM Realty asserts that, because Capital

---

[25] See, e.g., Fed. R. Civ. Proc. 55 (b) (2) (providing that "[i]f the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application"); *Jefferson v. Spenard Builders' Supply*, 366 P2d 714, 717 (Alaska 1961) (quoting Alaska R. Civ. P. 55 (c) (1) that, "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."); *Tarr v. Superior Court of Ariz.*, 690 P2d 68, 70 (Ariz. 1984) (quoting Arizona R. Civ. P. 55 (b) (2) that, "If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least three days prior to the hearing on such application."), disapproved on other grounds, *Sanders v. Cobble*, 744 P2d 1 (Ariz. 1987); *Southworth v. Univ. of South Alabama Med. Center*, 637 S2d 896, 897-898 (Ala. Civ. App. 1994) (noting that Ala. R. Civ. P. 55 requires that if the party against whom judgment by default is sought has appeared in the action and has indicated a clear purpose to defend the action, the party is entitled to notice of an application for judgment at least three days prior to the hearing on such application); R. D. Hursh, Effect, Under Rule 55 (b) (2) of the Federal Rules of Civil Procedure and Similar State Statutes and Rules, of Failure, Prior to Taking Default Judgment Against Party Who Has Appeared, to Serve 3-day Written Notice of Application for Judgment, 51 ALR2d 837 (2004).

[26] *Ford v. Saint Francis Hosp.*, 227 Ga. App. 823, 826 (1) (490 SE2d 415) (1997).

[27] *Exxon Corp. v. Thomason*, 269 Ga. 761, 762 (504 SE2d 676) (1998).

Flooring had been served with its answer (even if untimely) before Capital Flooring sought a default judgment, Capital Flooring did not and could not have made that certification to the trial court.

Capital Flooring's default certificate stated that SRM Realty had "attempted to file an answer," that SRM Realty's pleading had been unaccompanied by any payment of costs, and that SRM Realty had not moved to open the default. We conclude that, under the circumstances presented here, Capital Flooring's default certificate satisfied the cited requirement of USCR 15.

For the reasons stated above, SRM Realty has failed to show that the trial court erred either in granting default judgment or in denying the motion to set aside the default judgment.

*Judgments affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JULY 7, 2005 —
RECONSIDERATION DENIED JULY 27, 2005 — 

*Larry C. Oldham, Brent S. Reece*, for appellant.
*Stephen C. Whicker*, for appellee.