A10A0395. SATNAM WAHEGURU CORPORATION et al.
v. THE BUCKHEAD COMMUNITY BANK.

(696 SE2d 430)

SMITH, Presiding Judge.

Satnam Waheguru Corporation d/b/a Foothills Chevron, Raj P. Ghai, Arvinder Ghai and Bombay Grill, Inc. (collectively referred to as "Satnam") appeal from a default judgment entered in favor of The Buckhead Community Bank ("BCB"). The sole issue on appeal is whether the trial court properly granted BCB a default judgment due to Satnam's failure to timely file its answer to BCB's complaint. We conclude that the answer was not timely filed and that the trial court therefore did not err in entering the default judgment.

The record reveals that BCB filed a complaint against Satnam on March 17, 2009 in an attempt to collect money due on a promissory note. On March 31, 2009, Satnam's counsel signed an "Acknowledgment of Service" of the summons and complaint. This acknowledgment was filed on April 15, 2009. On May 26, 2009, counsel for BCB "certified" that it had received Satnam's acknowledgment of service but had not been served with Satnam's answer. Satnam filed its answer three days later on May 29.

On July 8, 2009, BCB moved for a default judgment on the ground that Satnam failed to timely file an answer to the complaint.

---

Satnam responded that it timely filed its answer within the 60 days as allowed by OCGA § 9-11-4 (d). The trial court granted BCB's motion for default judgment concluding that the provisions of OCGA § 9-11-4 (d) were not implicated, and that therefore Satnam was required to answer the complaint within 30 days pursuant to OCGA § 9-11-12 (a), which it failed to do. The court then entered a final judgment in favor of BCB. It is from these orders that Satnam appeals.

OCGA § 9-10-73 provides that "[t]he defendant may acknowledge service or waive process by a writing signed by the defendant or someone authorized by him." The "sole purpose of waiver of service is to avoid formal service" (Citation, punctuation and footnote omitted.) *SRM Realty Svcs. Group v. Capital Flooring Enterprises*, 274 Ga. App. 595, 601 (1) (617 SE2d 581) (2005). OCGA § 9-11-12 (a) provides that "[a] defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." Satnam admits that it did not file its answer within the 30-day time period, but argues that it was allowed 60 days to file its answer pursuant to the waiver of service provision of OCGA § 9-11-4 (d) (3). That Code section provides:

> To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request shall:
>
> (A) Be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent or other agent authorized by appointment to receive service of process for a defendant subject to service under paragraph (1) or (2) of subsection (e) of this Code section;
>
> (B) Be dispatched through first-class mail or other reliable means;
>
> (C) Be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
>
> (D) Make reference to this Code section and shall inform the defendant, by means of the text prescribed in subsection (l) of this Code section, of the consequences of compliance and of failure to comply with the request;
>
> (E) Set forth the date on which the request is sent;
>
> (F) Allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the

YALE LAW LIBRARY

defendant is addressed outside any judicial district of the United States; and

(G) Provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

OCGA § 9-11-4 (d) (3). And OCGA § 9-11-4 (d) (5) provides:

A defendant that, before being served with process, returns a waiver so requested in a timely manner is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

OCGA § 9-10-73, unlike OCGA § 9-11-4 (d), does not prescribe a particular form for the notice. The "Acknowledgment of Service" here stated simply that "the undersigned hereby acknowledges service of the Summons and Complaint, . . . and does hereby acknowledge that he is authorized to accept service of same, and waives any and all further service of process herein." Similar to the acknowledgment in *SRM Realty Svcs. Group*, supra, 274 Ga. App. at 599-601, the acknowledgment here, drafted by BCB and submitted to Satnam, did not make reference to OCGA § 9-11-4. It also did not inform Satnam "by means of the text prescribed in subsection (l) of [OCGA § 9-11-4]." (Citation, punctuation and footnote omitted.) *SRM Realty Svcs. Group*, supra, 274 Ga. App. at 600 (1). The form provided in subsection (l) of the statute reads in part:

. . . A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. . . . This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. . . . If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within 60 days from the date designated below as the date on which

this notice is sent (or within 90 days from that date if your address is not in any judicial district of the United States).

Under these circumstances the trial court was authorized to conclude that Satnam's counsel executed an acknowledgment and waiver pursuant to OCGA § 9-10-73; that Satnam's answer was therefore due within 30 days after the acknowledgment and waiver; and that, because it failed to serve an answer within that 30-day period, its answer was untimely. *SRM Realty Svcs. Group*, supra, 274 Ga. App. at 601-602 (1). The trial court therefore did not err in entering a default judgment in favor of BCB in light of Satnam's failure to timely file an answer. See id.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 16, 2010.

*Ayoub & Mansour, John G. Mansour*, for appellant.
*Siegel & Golder, Lynn L. Carroll*, for appellee.